UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-01622 CJC (ADS)     Date: March 3, 2020

Title: *DeOnte Anthony Walker v. K. Clark, Warden*

---

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Petitioner(s):     Attorney(s) Present for Respondent(s):
None Present     None Present

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED DUE TO PENDING STATE PETITION**

## I. INTRODUCTION

On February 19, 2020, DeOnte Anthony Walker ("Petitioner"), a prisoner at California State Prison in Corcoran, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). [Dkt. No. 1].[1]

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The Court's review reveals that the Petition is subject to dismissal because a habeas petition is currently pending before the California Court of Appeal which may moot the instant federal Petition. The Court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue. For the reasons discussed below,

---

[1] All citations to electronically-filed documents refer to the CM/ECF pagination.

Petitioner is **ORDERED TO SHOW CAUSE** in writing **by March 24, 2020** why the instant Petition should not be dismissed.

## II.  PENDING STATE ACTION

A pending state appeal or habeas petition renders a federal habeas petition subject to dismissal even if the claim raised in the federal petition is different from the issue raised in a pending state appeal or petition.  See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged . . . has been finally settled in the state courts.").  This is because, "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question."  Id. at 634 (internal citation omitted).

Here, Petitioner indicates that he has a petition now pending before the California Court of Appeal.  [Dkt. No. 1, p. 8].  According to Petitioner, that petition was filed on January 21, 2020 and raised four additional grounds with respect to his conviction.  [Id.].

## III.  CONCLUSION

Petitioner is **ORDERED TO SHOW CAUSE** in writing **by March 24, 2020** why the Court should not dismiss this action.

In his response to this Order, Petitioner must explain whether he does in fact currently have a habeas petition pending before the California Court of Appeal and provide a copy of the petition.  Petitioner must also explain whether the state petition seeks reversal of Petitioner's conviction.

In the alternative, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  The Court advises Petitioner, however, that if Petitioner voluntarily dismisses this action, any future habeas petitions may be rejected as a second or successive petition under 28 U.S.C. § 2244(b) and/or may be time-barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 2:20-01622 CJC (ADS)  Date: March 3, 2020

Title: *DeOnte Anthony Walker v. K. Clark, Warden*

**Petitioner is expressly warned that his failure to timely comply with this Order may result in the Court issuing an order dismissing for the reasons stated above, failure to prosecute, and/or failure to obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

Initials of Clerk kh